1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8    DONALD L. CORSETTI,                          No. C 09-1850 SI (pr)

9            Plaintiff,                            **ORDER OF DISMISSAL WITH**
                                                   **LEAVE TO AMEND**
10        v.

11   CHUCK SICKLES; et al.,

12           Defendants.
     _____/
13

14                              **INTRODUCTION**

15        Donald Corsetti, an inmate currently housed at Kern Valley State Prison, filed a <u>pro se</u>

16   civil rights action under 42 U.S.C. § 1983.  His complaint is now before the court for review

17   under 28 U.S.C. § 1915A.

18

19                              **BACKGROUND**

20        The complaint alleges the following:  In 2005, Corsetti was placed in a holding cell for

21   a week and was denied proper medical treatment for a problem that he does not identify in his

22   complaint.  His administrative appeals were ignored.  He decided to protest.  Rather than use a

23   hunger strike, he tied a string around his toe to cut off blood flow until he was allowed to file a

24   complaint with the internal affairs department and to receive proper medical treatment.

25   Complaint, p. 3.  The prison's chief medical officer, Dr. Lee, was contacted about the situation,

26   and he called Chuck Sickles to discuss the situation with him.  <u>See</u> Complaint p. 3 & Exh. A.

27   Sickles allegedly said, "let it stay."  Complaint, p. 3.  As a result of the continued strangulation

28

**United States District Court**
For the Northern District of California

of the blood flow, Corsetti's toe eventually had to be amputated.  Corsetti alleges that "nobody called for mental health evaluation," that he has a "life long history of mental illness," and that the defendants "should have stopped" him from following through on his ill-advised plan.  Id.[1]

Exhibit A to the complaint is a progress note from Dr. Lee.  Dr. Lee wrote that he was summoned to the emergency room on June 22, 2005 to deal with Corsetti's medical issues and concerns.  He was directed to Corsetti's small toe, which had a tight ligature on it and was then purplish in color.  Corsetti told Dr. Lee he was going to tie off his toes sequentially until his custodial issues were addressed and he was able to file a report with Internal Affairs.  Dr. Lee discussed Corsetti's medical problem  – apparently that he had not yet had surgery for "indigestive foreign bodies" – and then turned to the toe problem.

> I then addressed the issue of his toe and advised him that the ligature would cause the toe to be lost.  He stated that is what he wanted to do; I addressed him that I acknowledged his right to refuse medical care and treatment, but strongly recommended that this ligature be removed.  He refused. [¶] I then spoke with Chuck Sickles, of Legal Affairs and discussed the case with him.  It was concluded that we would not forcefully remove the ligature unless it became a life threatening matter.

Complaint, Exh. A.  Dr. Lee then told Corsetti the plan of action, i.e., that the ligature only would be removed if it became life-threatening.  Corsetti told Dr. Lee that if the ligature was taken off, he would put it back on that or another toe.  Id.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1]This is not the first case from Corsetti.  Several years ago, he filed a case concerning the medical treatment he received after he ingested several razor blades in 1999.  See Corsetti v. CDC, No. C 00-1616 SI.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  To establish a claim for an Eighth Amendment violation, a prisoner claiming that prison officials failed to attend to medical needs must establish both (1) a serious medical need and (2) deliberate indifference to that need by prison officials.  See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992).  Inmates' mental health needs are among the medical needs covered by the Eighth Amendment.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements).   Neither negligence nor gross negligence is actionable under § 1983 in the prison context.  See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

Even with liberal construction, the complaint does not state a § 1983 claim against any defendant based on the failure to stop Corsetti from engaging in his self-harming conduct. Corsetti does not allege that he was incompetent or that prison staff were legally entitled to simply ignore his decisions about his body.  His complaint, when read with the exhibit on which he relies, does not show a basis on which to hold the two nurses, the doctor, or the legal adviser liable.

There are no allegations as to what nurse Krosia or nurse Barkosky did or failed to do with regard to Corsetti's case. Therefore, no claim for deliberate indifference to Corsetti's mental health needs has been stated against either of them.  Corsetti may try to allege facts in an amended complaint showing what these two defendants did to cause a violation of his constitutional rights.

Dr. Lee apparently advised Corsetti of the danger of Corsetti's plan of action yet Corsetti stuck with it. Dr. Lee provided some care, as he advised Corsetti of the inadvisability of his plan. That Corsetti thinks Dr. Lee should have done something different (e.g., that he should have called for a mental health evaluation of the protesting prisoner) might show a difference of opinion or perhaps negligence, but neither of those amounts to deliberate indifference. Therefore, no claim for deliberate indifference has been stated against Dr. Lee. Corsetti may try to allege facts in an amended complaint showing what Dr. Lee did that amounted to deliberate indifference to Corsetti's mental health needs.

Finally, defendant Chuck Sickles apparently gave legal advice and was not a health care provider. That Sickles allegedly told Dr. Lee to let the ligature remain on Corsetti's toe unless life-threatening does not show deliberate indifference to his mental health needs. Corsetti may try to allege facts in an amended complaint showing what Sickles did that amounted to deliberate indifference to Corsetti's mental health needs. (If plaintiff does include Sickles as a defendant in his amended complaint, he needs to provide an address at which that person can be served with process.)

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **June 19, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: May 6, 2009

_____
SUSAN ILLSTON
United States District Judge